[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10225
Non-Argument Calendar
_____

D.C. Docket No. 1:05-cr-20625-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NIARCO GARCIA,
a.k.a. El Flaco,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 14, 2014)

Before PRYOR, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Niarco Garcia appeals his 24-month guidelines sentence, imposed after the district court revoked his supervised release under 18 U.S.C. § 3583(e)(3).  On appeal, Garcia argues that the sentence was procedurally unreasonable because the district court provided limited explanation of its reasons for imposing it and made improper remarks concerning immigration policy and Garcia's immigration status during his sentencing hearing.

We review sentences imposed upon revocation of supervised release for reasonableness.  *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2006).  Reasonableness is reviewed under a deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007).  The party who challenges the sentence bears the burden of showing that the sentence is unreasonable.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2008).

In reviewing the reasonableness of a sentence, we first ensure that the sentence was procedurally reasonable, meaning the district court properly calculated the guidelines range, treated the Guidelines as advisory, considered the 18 U.S.C. § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and adequately explained the chosen sentence.  *Gall*, 552 U.S. at 51, 128 S.Ct. at 597.  In its explanation, the district court "should set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a

2

reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007). When a party "presents nonfrivolous reasons for imposing a different sentence, however, the [district court] will normally go further and explain why [it] has rejected those arguments." *Id.* at 357, 127 S.Ct. at 2468. Nevertheless, such explanation need not be extensive "[w]here a matter is . . . conceptually simple . . . and the record makes clear that the sentencing judge considered the evidence and arguments." *Id.* at 359, 127 S.Ct. at 2469.

When revoking a defendant's term of supervised release under 18 U.S.C. § 3583(e)(3), the district court is to consider certain § 3553(a) factors to determine an appropriate sentence. *See* 18 U.S.C. § 3583(e)(3). Specifically, courts are directed to consider: (1) the nature and circumstances of the offense, and the history and characteristics of the defendant; (2) the need to deter criminal conduct, protect the public from the defendant's future criminal conduct, and provide the defendant with education or treatment; (3) the applicable guidelines range; (4) pertinent policy statements of the Sentencing Commission; (5) the need to avoid unwarranted sentencing disparities; and (6) the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7). The district court need not discuss or explicitly state on the record each § 3553(a) factor, and the court's acknowledgment that it has considered the § 3553(a) factors and the parties'

3

arguments is sufficient. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). Even when the district court could "have said more" in its explanation, we have considered the context and the record to determine what reasoning underlies the sentencing decision. *See United States v. Agbai*, 497 F.3d 1226, 1230 (11th Cir. 2007) (concluding that, given the record, the district court's explanation of its within-guidelines sentence was adequate).

We have stated that "a judge may not impose a more severe sentence than he would have otherwise based on unfounded assumptions regarding an individual's immigration status or on his personal views of immigration policy." *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1253 (11th Cir. 2008). In *Velasquez*, the district court sentenced Velasquez to nine months' imprisonment for violating his supervised release because it could not comprehend why an immigration judge had released him on bond. *Id.* at 1249, 1251-52. We stated that the district court had imposed Velasquez's sentence as if it were reviewing and overturning the immigration judge's decision. *Id.* at 1252 n.3. In vacating Velasquez's sentence, we explained that the district court had attempted to usurp the role of the executive branch. *Id.*

The district court's sentence was not procedurally unreasonable. There was no indication that the district court was attempting to usurp the role of the executive branch or that it sentenced Garcia to a higher sentence based on

4

improper immigration concerns.  Moreover, the court's explanation for the sentence was sufficient, given that Garcia's case was conceptually simple and that the court imposed a guidelines sentence after acknowledging the arguments of the parties.

**AFFIRMED.**